# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

FREDERICK LEE OWENS,

    Plaintiff,

v.                          Case No. 5:23-cv-158-MCR-MJF

GULF CNTY. COURTHOUSE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Frederick Lee Owens, proceeding *pro se*, initiated this action on June 8, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. At the time, Owens was incarcerated at the Gulf County Detention Facility. *Id.* at 5 (Mailing Envelope). Owens claimed that his conviction for criminal mischief in Gulf County Circuit Court Case No. 2023-CF-20, and the revocation of his probation in a different Gulf County case—violated his constitutional rights. *Id.* at 2-4.

On June 13, 2023, the undersigned ordered Owens to correct deficiencies in his complaint by filing an amended complaint on the Northern District form accompanied by either the $402.00 filing and

administrative fees, or a complete application for leave to proceed *in forma pauperis*. Doc. 3.[1] The undersigned set a compliance deadline of July 13, 2023, and warned Owens that failure to comply with the order likely would result in dismissal of this action for failure to prosecute, failure to comply with an order of this court, and failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*. *Id.* at 4.

To date, Owens has not complied with the order dated June 13, 2023, and has not responded to the 14-day show cause order issued on July 27, 2023. *See* Doc. 4.[2]

---

[1] *See* N.D. Fla. Loc. R. 5.7(A) (requiring that a *pro se* complaint in a civil rights case be filed on the Northern District form); N.D. Fla. Loc. R. 5.3 ("A party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

[2] A copy of the show-cause order was mailed to Owens at his address of record. Doc. 4 (Receipt). The mail was returned as undeliverable on August 7, 2023, marked "RTS Not Here." Doc. 5. The clerk of court found an address for Owens on the Florida Department of Corrections Offender Information Network and, as a one-time courtesy, re-mailed a copy of the show-cause order to Owens at that address. Doc. 5. The clerk of court notified Owens, however, of the District Court's policy requiring him to file a notice of change of address, and provided Owens with the required form. *Id.*, Attach. 1. Owens has not provided a current address.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court.[3]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 21st day of August, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[3] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**